UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CURNOW and
GRETA CURNOW,

                Plaintiffs,

v.                                                Case No. 13-13271
                                                Honorable Patrick J. Duggan

THE STRYKER CORPORATION and
HOWMEDICA OSTEONICS
CORPORATION, d/b/a Stryker Orthopaedics,

                Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PLAINTIFFS' MOTION TO VACATE TRANSFER ORDER

This matter is before the Court on Defendants' September 9, 2013 motion to stay proceedings pending resolution of Plaintiffs' motion to vacate a conditional order transferring the case to multidistrict litigation in the District of Minnesota. The motion has been fully briefed and on October 10, 2013, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court denies Defendants' request for a stay.

### Background

Plaintiffs filed their Complaint against Defendants in Michigan state court

on May 16, 2013, alleging state law claims only.  Plaintiffs' claims relate to an

artificial hip replacement device called "The Rejuvenate System," which

physicians implanted in Plaintiff Arthur Curnow and then removed when he

allegedly began experiencing debilitating pain and heavy metal contamination

from the product in the implant areas.  Plaintiffs allege *inter alia* that "Defendants

developed, tested, assembled, manufactured, packaged, labeled, prepared,

distributed, marketed, supplied, and/or sold the defective product . . .."  (Compl.

¶ 7.)

Plaintiffs are Michigan residents.  (Compl. ¶ 2.)  Defendant The Stryker

Corporation ("Stryker") is a Michigan Corporation with its principal place of

business in Michigan.  (*Id.* ¶ 3.)  Defendant Howmedica Osteonics Corporation

("Howmedica") is a New Jersey corporation with its principal place of business in

New Jersey.  (*Id.* ¶ 4.)  On July 30, 2013, Howmedica removed Plaintiffs'

Complaint to federal court on the basis of diversity jurisdiction, claiming that

Stryker was fraudulently joined and thus its citizenship should be ignored when

determining whether the parties are diverse.  Disputing Howmedica's fraudulent

joinder claim, Plaintiffs filed a motion to remand the matter to state court on

September 4, 2013.

In the meantime, hundreds of lawsuits concerning The Rejuvenate System

have been consolidated and transferred to the District of Minnesota for

multidistrict litigation proceedings: *In re: Stryker Rejuvenate and ABG II Hip

Implant Products Liability Litigation*, MDL No. 2441.  On August 1, 2013, the

Clerk of the MDL panel issued a conditional transfer order with respect to

Plaintiffs' lawsuit; however, Plaintiffs filed a notice of opposition on August 7,

2013.  After receiving an extension of time to do so, Plaintiffs filed their motion

and brief in support of their opposition on September 4, 2013, in which they argue

that the transfer order should be vacated because a motion to remand is pending

before this Court.  Plaintiffs' motion to vacate the transfer order has been fully

briefed.

     In their pending motion to stay, Defendants ask this Court to stay the

proceedings, including a resolution of Plaintiffs' motion to remand, until the MDL

panel rules on Plaintiffs' opposition to the conditional transfer order.  Defendants'

motion to stay, as well as Plaintiffs' motion to remand, are also fully briefed.

## Applicable Law and Analysis

     Pursuant to Rule 1.1(d) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, a conditional order transferring a tag-along action does not

affect the jurisdiction of the transferor court or its ability to rule on pending

motions.  Nevertheless, a transferor court may stay the proceedings before it in

accordance with its inherent power to control the cases on its docket. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936).

The Sixth Circuit Court of Appeals has warned, however, "that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay has the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255, 57 S. Ct. at 166. The moving party must also show "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the [stay]." *Ohio Envtl. Council*, 565 F.2d at 396.

Defendants argue that Plaintiffs will not suffer prejudice as a result of a stay, as any stay will not be long-term. Defendants point out that the MDL Court already has been established and a conditional transfer order is pending. In contrast, Defendants contend that they will be prejudiced if the action is not stayed due to the risk of inconsistent pre-trial rulings with respect to whether Stryker is a proper defendant in The Rejuvenate System cases. They speculate that more cases related to The Rejuvenate System will be filed by Michigan residents, who likely will join Stryker as a defendant; and thus different transferor judges will be asked

-4-

to decide the fraudulent joinder issue raised in Plaintiffs' pending motion to remand.  Defendants assert that issues related to Stryker, including its role with The Rejuvenate System, also will arise (and have arisen) in the MDL proceedings and uniformity of decisions regarding these issues favors a stay.

Defendants cite several cases where the courts granted motions to stay proceedings pending resolution of the plaintiffs' objections to conditional transfer orders, even though motions to remand were pending that asserted fraudulent joinder.  (Defs.' Br. in Supp. of Mot. at 8-9.)  Defendants also indicate that the Judicial Panel on Multidistrict Litigation routinely denies motions to vacate transfer orders based on the pendency of a motion to remand.  (*Id*. at 9-10.)  They argue that this Court's judicial resources therefore will be wasted absent a stay.  As they explain, because this case will be transferred to some other court regardless of the outcome of the motion to remand, "it makes no sense for this Court to expend its limited resources 'familiarizing itself with the intricacies of a case that would be heard by another judge.'"  (*Id*. at 12, quoting *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).)  Having considered Defendants' arguments, this Court nevertheless concludes that a stay is not prudent in this case for several reasons.

In cases cited by Defendants, as well as others, the courts have stayed

litigation and the resolution of a pending motion to remand until the MDL ruled on the plaintiff's objections to a conditional transfer order.  *See supra*.  Whether this is "the usual practice" is unclear to this Court.  At least one court has found the courts divided, with some deciding the motion to remand and others deferring consideration of the motion to the MDL panel by granting a stay.  *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1047-48 (E.D. Wis. 2001) (comparing cases).

The district court in *Meyers* took the view "that a court's first step should be to make a preliminary assessment of the jurisdictional issue."  *Id*. at 1048.  If that assessment suggests that the federal court lacks jurisdiction, the court concluded " 'the transferor court . . . should dismiss the case rather than waste the time of another court.' "  *Id*. (quoting *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999)) (brackets inserted in *Meyers* omitted).  If the preliminary assessment suggests that the jurisdictional issue is factually or legally difficult, the *Meyers* court suggested that the court should "determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding."  *Id*. at 1049.  If the answer is no, the court concluded that judicial economy and consistency are not furthered by leaving the jurisdictional issue to the transferee court.  *Id*.; *see also Betts v. Eli Lilly and Co.*, 435 F. Supp. 2d. 1180, 1182-84 (S.D. Ala. 2006) (amplifying the reasons why the *Meyers* court's

-6-

approach "appears better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties than a reflexive rule that automatically defers decision to an MDL court whenever it can be predicted that an issue at least superficially similar may arise in other transferred cases.").

Here, the Court does not believe that the jurisdictional issue is factually or legally difficult. As such, it will not need to expend much time "familiarizing itself with the intricacies of the case." Even if the jurisdictional issue was difficult, however, the Court is not convinced that identical or similar jurisdictional issues will be (or have been) presented in the MDL proceedings. This Court's research reveals that Howmedica and/or Stryker have raised fraudulent joinder in numerous cases that they have removed from state to federal court. This Court found no case, however, in which they asserted that *Stryker* was fraudulently joined.

The Court does not doubt that Stryker's liability for injuries allegedly related to The Rejuvenate System will be litigated in the MDL proceedings. Nevertheless, deciding whether Stryker is liable requires a very different analysis than whether it has been fraudulently joined as a defendant. Determining whether a defendant has been fraudulently joined requires an analysis of only " 'whether there is *arguably* a reasonable basis for predicting that the state law *might* impose liability [on that

-7-

party] on the facts involved.' " *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d
940, 949 (6th Cir. 1994) (emphasis added) (quoting *Bobby Jones Garden
Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).  If the plaintiff has
stated a "colorable claim" for joint liability, the party is deemed to not be
fraudulently joined.  *Id.*

Pointing to Plaintiffs' counsel's "activ[e] solicit[ation of] business from
Rejuvenate® hip implant recipients," Defendants speculate that there will be a
flood of tag-along cases filed by Michigan residents in state court, which
Defendants will remove to federal court, thereby placing the issue of Stryker's
fraudulent joinder before other transferor courts.  (Defs.' Reply Br. at 2.)  The
Court will assume for purposes of Defendants' motion that there in fact will be
additional state court actions filed by Michigan residents concerning The
Rejuvenate System.[1]  An immediate ruling by this Court on the fraudulent joinder
issue, however, may in fact benefit Defendants and save other courts from having
to consider the issue.  If the Court concludes that Stryker has been fraudulently

---

[1]The advertisements from Plaintiffs' counsel that Defendants append to their
reply brief are in no way targeted to Michigan residents.  (Defs.' Reply Exs. A-C.)
In these advertisements, Plaintiffs' counsel indicates that it "represents individuals
in Michigan *and across the country* who have been harmed as a result of medical
errors, defective products, loss of employment, . . ."  (*Id.* Ex. A.)  Notably, a toll-
free number is provided to contact counsel.  (*Id.* Ex. C.)

joined, Plaintiffs' counsel likely will think twice about naming Stryker in cases filed on behalf of other Michigan clients in state court. If the Court rules otherwise, Defendants may be deterred from removing future cases in which Stryker has been named to federal court.

Further persuading this Court to deny Defendants' motion to stay is its belief that Plaintiffs will suffer harm as a result of the stay. The Court does not anticipate a decision on Plaintiffs' motion to vacate the transfer order in the next few weeks or even within the next month. Response and reply briefs have been filed. Nevertheless, the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation provide for a hearing on such motions at the next appropriate hearing session, *see* Rule 7.1(f), and no hearing has yet been scheduled. Moreover, a decision on Plaintiffs' opposition to the conditional transfer order does not end the delay.

As Defendants represent, motions to vacate conditional transfer orders are rarely granted based on pending motions to remand. Thus, Plaintiffs will have to wait longer (i.e. until their motion to remand is fully briefed in the MDL court and heard there) before any determination is made as to whether their Complaint even belongs in federal court. If the Court grants Defendants' request for a stay, therefore, it realistically will be months before Plaintiffs' lawsuit can begin to

move forward.

This will not be the case, however, if Defendants' request for a stay is denied and this Court promptly rules on Plaintiffs' motion to remand.  The Court is prepared to consider and decide the motion, which has been fully briefed.  If the motion is granted, Plaintiffs' Complaint will be remanded to state court and the parties will be able to immediately move forward with this litigation there.  If the motion to remand is denied, the Court expects that its decision will render Plaintiffs' opposition to the conditional transfer order moot (as it is premised on the pendency of their motion to remand).

For these reasons, the Court concludes that the relevant factors do not weigh in favor of a stay.

Accordingly

**IT IS ORDERED**, that Defendants' Motion to Stay Proceedings Pending Resolution of Plaintiffs' Motion to Vacate Conditional Transfer Order is **DENIED**.

Dated: October 15, 2013                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Robert B. Sickels, Esq.
Jason J. Thompson, Esq.
Jill M. Wheaton, Esq.
Krista L. Lenart, Esq.